**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| In re:<br><br>JIHOON PARK,<br><br>        Debtor. | Case No. 25-10081-BFK<br>Chapter 7 |
| BOO RAK LEE,<br><br>        Plaintiff,<br><br>v.<br><br>JIHOON PARK, JONG KIM,<br>and DONALD F. KING,<br><br>        Defendants. | Adversary Proceeding<br>No. 25-01021-BFK |

**MEMORANDUM OPINION**
**AND ORDER GRANTING DEFENDANT'S**
**MOTION TO DISMISS COUNT IV OF THE COMPLAINT**

This matter comes before the Court on the Defendant Donald F. King, Chapter 7 Trustee's Motion to Dismiss Count IV of the Plaintiff's Complaint. Docket No. 18. The Plaintiff filed an Opposition to the Motion. Docket No. 22. The Court heard the parties' arguments on July 22, 2025. For the reasons stated below, the Court will grant the Defendant's Motion.

**Uncontested Facts**

The Court finds that the following facts are not disputed, at this stage of the litigation.[1]

---

[1] Under Bankruptcy Rule 7012 (incorporating Federal Rule of Civil Procedure 12(b)(6)), the Court is required to accept as true all well-pleaded facts in the complaint, but is not required to accept allegations that are legal conclusions. *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) ("[A]lthough a court must accept as true all factual allegations contained in a complaint, such deference is not accorded to legal conclusions stated therein. The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a . . . Rule 12(b)(6) [motion]" (citation omitted)).

1

*A. The Plaintiff's Investment, and the Debtor's Purchase of the Property.*

1. The Plaintiff, Boo Rak Lee, is an individual residing in Loudoun County, Virginia. Docket No. 1, ¶ 3.

2. Debtor–Defendant Jihoon Park is an individual residing in Chantilly, Virginia. Case No. 25-10081-BFK, Docket No. 1.

3. Defendant Jong Kim is Mr. Park's spouse. Docket No. 1, ¶ 2.

4. Defendant Donald F. King is the Chapter 7 Trustee in Mr. Park's bankruptcy case, filed on January 14, 2025. Case No. 25-10081-BFK, Docket Nos. 1, 5.

5. The Plaintiff met Mr. Park in April 2023. Docket No. 1, ¶ 7.

6. In May 2024, Mr. Park represented himself to be an executive of Massachusetts Mutual Life Insurance Company ("Mass Mutual") and provided to the Plaintiff a digital business card affiliated with Mass Mutual. *Id.*, ¶¶ 9, 10.

7. On or about August 31, 2024, the Plaintiff delivered a Bank of America check to Mr. Park in the amount of $300,000.00. *Id.*, ¶ 19.

8. The memo line of the check stated: "personal investment." *Id.*, ¶ 20.

9. In September 2024, Mr. Park purchased the property located at 4619 Granite Rock Court, Chantilly, VA ("the Property") for approximately $1,200,000.00. *Id.*, ¶¶ 26, 27.

10. The down payment for the purchase of the Property was $700,000.00, which included the Plaintiff's $300,000.00 investment. *Id.*, ¶¶ 28, 29.

11. The Property was titled in the Debtor's and his wife's names as tenants by the entirety. *Id.*, ¶ 31.

*B. The Trustee's Adversary Proceeding to Avoid the Transfer.*

12. On April 23, 2025, the Trustee filed a Complaint seeking to avoid and recover the $700,000.00 down payment for the Property as a fraudulent transfer, or alternatively, to avoid the Deed to the Property as a fraudulent transfer. Adv. Pro. No. 25-01025-BFK, Docket No. 1.

13. On May 5, 2025, Mr. Lee filed a Motion to Intervene seeking the imposition of a constructive trust and an equitable lien in the Property. Adv. Pro. No. 25-1025-BFK, Docket No. 1, Docket No. 5.

14. On May 19, 2025, The Trustee filed a Limited Objection to Mr. Lee's Motion to Intervene. Adv. Pro. No. 25-01025-BFK, Docket No. 9

15. Mr. Lee's Motion to Intervene has not been set for a hearing.

16. On May 27, 2025, Jong Kim, the Debtor's wife and the co-owner of the Property, filed a Motion to Dismiss the Trustee's Complaint. Adv. Pro. No. 25-01025-BFK, Docket No. 10.

17. On June 10, 2025, the Trustee filed an Opposition to Defendant Kim's Motion to Dismiss. Adv. Pro. No. 25-01025-BFK, Docket No. 13.

18. On July 1, 2025, the Court denied Defendant Kim's Motion to Dismiss, ruling that the Trustee's Complaint stated sufficient badges of fraud (e.g., a transfer to or for the benefit of a spouse for no consideration, which attempted to put the $700,000.00 beyond the reach of Mr. Park's creditors) to state plausible claims for fraudulent transfer. Adv. Pro. No. 25-01025-BFK, Docket No. 19.

19. A final pre-trial conference is scheduled for September 9, 2025. Adv. Pro. No. 25-01025-BFK, Docket No. 16.

*C. The Plaintiff's Adversary Proceeding.*

20. On April 19, 2025, the Plaintiff commenced this Adversary Proceeding against the Debtor, the Debtor's spouse and the Trustee. Docket No. 1.

21. The Complaint asserts the following claims: (a) objection to the Debtor's discharge under Bankruptcy Code Section 727(a) (Count I); (b) non-dischargeability of the Plaintiff's debt under Bankruptcy Code Section 523(a)(2)(A) (Count II); (c) objection to the Debtor's claimed exemptions (Count III); (d) imposition of a constructive trust or equitable lien against the Property (Count IV); (e) non-dischargeability of the Plaintiff's debt under Bankruptcy Code Section 523(a)(4) (Count V); (f) non-dischargeability of the Plaintiff's debt under Bankruptcy Code Section 523(a)(6) (Count VI); (g) avoidance and recovery of fraudulent transfer under Bankruptcy Code Sections 548 and 550 (Count VII); (h) injunctive relief under Bankruptcy Code Section 105(a) and Fed. R. Civ. P. 65 (Count VIII). *Id.*

22. On April 24, 2025, Mr. Park executed a waiver of discharge in his main bankruptcy case. Case No. 25-10081-BFK, Docket No. 62.

23. On May 9, 2025, the Plaintiff filed a Notice of Dismissal of Count VII, conceding that the Trustee has the sole standing to assert fraudulent transfer claims. Docket No. 9.

24. On May 30, 2025, the Court entered an Order Approving Mr. Park's Waiver of Discharge. Case No. 25-10081-BFK, Docket No. 95.

25. On June 24, 2025, the Court entered an Order dismissing Counts I, II, V, VI and VII as moot. Docket No. 14.

26. Counts III (objection to the Debtor's claimed exemptions), IV (equitable lien or constructive trust), and VIII (injunctive relief under Bankruptcy Code Section 105(a) and Fed. R. Civ. P. 65) remain pending.

27. On June 27, 2025, the Trustee moved to dismiss Count IV (constructive trust or equitable lien). Docket No. 18. [2]

28. On July 18, 2025, the Plaintiff filed an Opposition to the Trustee's Motion. Docket No. 22.[3]

29. The Court heard the parties' arguments on July 22, 2025.

## Conclusions of Law

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference entered by the U.S. District Court for this District on August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

**I.      Bankruptcy Rule 7012.**

The Trustee moves to dismiss Count IV pursuant to Bankruptcy Rule 7012 (incorporating Federal Rule of Civil Procedure 12(b)(6)). Under the Supreme Court's decisions in *Twombly* and *Iqbal*, to survive a motion to dismiss under Rule 12(b)(6), the complaint must state a claim that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In *Iqbal*, the Court held: "[W]hether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, at 679.

The Court will turn to the substance of the Trustee's Motion, below.

---

[2] While the Trustee moved to dismiss only Count IV, the Plaintiff's right to injunctive relief depends on his asserted constructive trust and equitable lien in the Property. The Court, therefore, will analyze Counts IV and VIII simultaneously.

[3] On June 30, 2025, the Court entered a Consent Order Extending Time for Defendant to File Responsive Pleadings to, and including, June 27, 2025. Docket No. 20.

II.     **Bankruptcy Code Sections 541(d) and 544(a)(3).**

The Plaintiff alleges that the Debtor acted as his investment advisor with Mass Mutual, and therefore occupied a fiduciary position as to him. The Plaintiff's allegations may give rise to a constructive trust or an equitable lien under Virginia law. *Leonard v. Counts*, 221 Va. 582 (1980) (constructive trust); *Crestar Bank v. Williams*, 250 Va. 198 (1995) (constructive trust); *Hoffman v. First Nat'l Bank of Bos.*, 205 Va. 232 (1964) (equitable liens). Both forms of relief represent unrecorded interests, if any, in the Property.

The Court will analyze the Plaintiff's claims for a constructive trust or an equitable lien against the two forms of relief sought by the Trustee: (a) avoidance of the $700,000.00 transfer; and (b) alternatively, avoidance of the Deed by which the Debtor and his wife took title to the Property as tenants by the entirety. Adv. Pro. No. 25-01025-BFK, Docket No. 1.

*A.  Section 541(d) and Avoidance Recoveries.*

The Court first addresses the Trustee's avoidance claim under Section 548 of the $700,000.00 transfer. When a bankruptcy case is filed, an estate is created consisting of all of the debtor's property, tangible and intangible. 11 U.S.C. § 541(a). The Court looks to State law to determine whether property is property of the estate, "unless some federal interest requires a different result." *Butner v. United States*, 440 U.S. 48, 55 (1979).

Bankruptcy Code Section 541(d) provides as follows:

> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

6

11 U.S.C. § 541(d).

The purpose of Section 541(d) is "is to ensure that the trustee "take no greater rights [in the property] than the debtor himself had." *Old Republic Nat'l Title Ins. Co.* (*In re Dameron*), 155 F.3d 718, 721–22 (4th Cir. 1998) (quoting *Mid-Atlantic Supply, Inc. of Va. v. Three Rivers Aluminum Co.*, 790 F.2d 1121, 1124 (4th Cir. 1986). Therefore, when a "debtor does not own an equitable interest in property he holds in trust for another, that interest is not 'property of the estate' for purposes of the Bankruptcy Code." *Id.*, (quoting *Begier v. IRS*, 496 U.S. 53, 59 (1990)).

The Trustee seeks to avoid the Debtor's transfer of the $700,000.00 for the downpayment, asserting that the transfer was fraudulent:

> Donald F. King, Trustee, by counsel, requests that the Court enter an order against the Defendants: (i) avoiding Debtor's payment of $700,000.00 made toward the purchase of the Property pursuant to 11 U.S.C. § 548; (ii) awarding a joint and several judgment in favor of the Plaintiff and against the Defendants pursuant to 11 U.S.C. § 550(a) in the amount of $700,000.00, plus pre- and post-judgment interest and legal fees and costs, as appropriate.

Adv. Pro. No. 25-01025-BFK, Docket No. 1, p. 5. The Plaintiff's claims for a constructive trust or an equitable lien rely on Bankruptcy Code Section 541(d), cited above. This Court has addressed the relationship between Section 541(d) and avoidance actions on two separate occasions, and the District Court has addressed the issue once.

First, the case of *Mayer v. United States* (*In re Reasonover*), 236 B.R. 219 (Bankr. E.D. Va. 1999), involved a series of title missteps, resulting in the secured lender, Countrywide, claiming a constructive trust against real property. *Id.*, at 225. Bankruptcy Judge Mitchell held that Section 541(d) "applies by its express terms only to property coming into the bankruptcy estate under §§ 541(a)(1) and (2)," and that Section 541(d) "does not reference, and has no applicability to, property coming into the bankruptcy estate under §§ 541(a)(3) and (a)(4) through the trustee's

avoidance powers." *Id.*, at 227. Judge Mitchell rejected Countrywide's constructive trust claim, noting that "the majority view, which this court finds more persuasive, fully supports the position that § 541(d) does not trump the trustee's avoidance powers." *Id.*

The second case, *HSBC Bank USA National Association v. Gold* (*In re Taneja*), 427 B.R. 109 (Bankr. E.D. Va. 2010), involved a fraudulent certificate of satisfaction, which released the lender's lien in the land records. *Id.* at 112. Judge Mitchell, citing *In re Reasonover*, again held that Section 541(d)'s exclusion of property from the estate "applies only to property coming into the bankruptcy estate under §§ 541(a)(1) and (2)," and "has no applicability to property coming into the bankruptcy estate under §§ 541(a)(3) and (4) through exercise of the trustee's avoidance powers." *Id.*, at 116.

The District Court for this District considered these issues in a related adversary proceeding in *In re Taneja*, involving a different property. *Wells Fargo Funding v. Gold*, 432 B.R. 216 (E.D. Va. 2009). There, Judge O'Grady affirmed the Bankruptcy Court's conclusion that a claim for constructive trust invoking Section 541(d) could not overcome the Trustee's avoidance powers. *Id.*, at 221.[4]

The case *of Halart, L.L.C. v. Independent Auto Warehouse, Inc.* (*In re Twin B. Auto Parts, Inc.*), 271 B.R. 71 (Bankr. E.D. Va. 2001), upon which the Plaintiff relies, is distinguishable. First, that case involved inventory, not real property. *Id.*, at 74. Section 544(a)(3), discussed below, therefore, did not apply. *Id.* Second, and more importantly, the dispute arose between a purchaser of the debtor's inventory and a lender claiming a security interest in the same inventory. *Id.*, at 76. There were no avoidance actions asserted by the trustee in that case.

---

[4] In *Wells Fargo Funding*, Judge Mitchell held that the pre-petition recordation of a Notice of Lis Pendens put the Trustee on record notice of Wells Fargo's claim for a constructive trust, and the District Court agreed, although the Notice of Lis Pendens itself was held to be a preference under Section 547(b). *Wells Fargo Funding*, 432 B.R. at 224. The Court is not aware of a Notice of Lis Pendens having been recorded pre-petition in this case.

The Court agrees with *In re Reasonover*, *In re Taneja*, and *Wells Fargo Funding*. The Trustee in this case seeks to avoid the transfer of the $700,000.00 as a fraudulent transfer under Section 548. Section 541(d) does not provide a basis to elevate the Plaintiff's equitable claims over the Trustee's avoidance powers. The Court, therefore, will dismiss Counts IV and VIII of the Complaint.

   B.  *Section 544(a)(3) and the Trustee as Bona Fide Purchaser.*

The Trustee seeks alternative relief against the Debtor and his spouse: "avoiding the creation of the tenancy by the entirety interest in the Property and authorizing the Trustee to sell the Property to recover the transfer." Adv. Pro. No. 25-01025, Docket No. 1, p. 5.[5]

If the Trustee is successful in his request for alternative relief, then he will be in the position of a bona fide purchaser by virtue of Bankruptcy Code Section 544(a)(3), which provides:

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
> . . . .
> a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3).

Bankruptcy Judge Connelly of the Western District of Virginia analyzed the relationship between Section 544(a)(3) and the imposition of constructive trusts and equitable liens under Virginia law in *Beskin v. Bank of New York Mellon* (*In re Perrow*), 498 B.R. 560 (Bankr. W.D. Va. 2013). *In re Perrow* involved an unrecorded Deed of Trust. *Id.*, at 565. The lender asserted claims

---

[5] The Trustee is only entitled to a single recovery. 11 U.S.C. § 550(d).

Case 25-01021-BFK   Doc 29   Filed 08/01/25   Entered 08/04/25 07:28:30   Desc Main
                           Document      Page 10 of 11

for a constructive trust and equitable lien on the property, as well as a claim for equitable subrogation, which is not at issue in this case. *Id.*, at 576, 579. Judge Connelly first looked to Virginia's recording statute, then codified at Virginia Code § 55-96, and now codified at Virginia Code § 55.1-407(A)(1), which provides in part:

> Every (i) contract in writing; (ii) deed conveying any estate or term; (iii) deed of gift, or deed of trust, or mortgage conveying real estate or personal property; and (iv) bill of sale, or contract for the sale of personal property, when the possession is allowed to remain with the grantor, shall be void as to all purchasers for valuable consideration without notice not parties thereto and lien creditors, until and except from the time it is recorded in the county or city in which the property subject to such contract, deed, or bill of sale is located.

VA. CODE ANN. § 55.1-407(A)(1) (West 2019).

Judge Connelly held that "the imposition of a constructive trust in favor of a creditor is sufficient to protect that creditor's interest from that of a lien creditor, but not a *bona fide* purchaser." *In re Perrow*, 498 B.R. at 574 (citing *MEPCO, Inc. v. Enter. Leasing Co. of Norfolk/Rich. (In re MEPCO, Inc.)*, 276 B.R. 94, 1010 (Bankr. E.D. Va. 2001). Similarly, she held with respect to equitable liens that "a trustee, as a *bona fide* purchaser under section 544(a)(3), takes the property free of any latent equity, including property subject to an equitable lien." *Id.*, at 576; *see also S. Bank & Trust Co. v. Alexander (In re Alexander)*, 524 B.R. 82, 92 (E.D. Va. 2014) (stating that "a conveyance of real estate is void as to a subsequent bona fide purchaser of real estate until it is recorded," and explaining that "under [Section] 544, the trustee may avoid unrecorded or undisclosed interests whenever, under state law, a bona fide purchaser would prevail over an interest holder" (citations omitted)).[6]

---

[6] Judge Connelly also agreed with Judge O'Grady's decision in *Wells Fargo Funding*, that Section 541(d) only applies to property that comes into the estate pursuant to Sections 541(a)(1) and (2), and not to transfers avoided under Section 541(a)(3). *In re Perrow*, 498 B.R. at 575.

10

The Court agrees with Judge Connelly's well-reasoned opinion in *In re Perrow*, both with respect to the Plaintiff's claim of a constructive trust and for an equitable lien. Looking to Virginia law to determine the estate's interest in the Property, as the Court must under *Butner*, the Court holds that the Plaintiff's claims in this case for a constructive trust and for an equitable lien are subject to the Trustee's rights as a bona fide purchaser under Section 544(a)(3). The Court, therefore, will dismiss Counts IV and VIII of the Complaint.

## Conclusion

It is therefore **ORDERED**:

A.     The Trustee's Motion to Dismiss (Docket No. 18) is granted. Counts IV and VIII of the Complaint are dismissed.

B.     The Clerk shall mail copies of this Opinion and Order, or provide CM-ECF notice of its entry to the parties below.[7]

Date: Jul 31 2025

Alexandria, Virginia

/s/ Brian F Kenney
HONORABLE BRIAN F. KENNEY
CHIEF U.S. BANKRUPTCY JUDGE

Entered On Docket: Aug 1 2025

Copies to:

Boo Rak Lee
43426 Mountcastle Dr
Chantilly, VA 20152
*Plaintiff*

Jihoon Park
4619 Granite Rock Ct.
Chantilly, VA 20151
*Defendant*

Donald F. King
1775 Wiehle Ave., Suite 400
Reston, VA 20190
*Chapter 7 Trustee–Defendant*

Daniel Kim
4103 Chain Bridge Road
Suite 100
Fairfax, VA 22030
*Counsel for Plaintiff*

Jong Kim
4619 Granite Rock Ct.
Chantilly, VA 20151
*Defendant*

---

[7] This is a non-final Order under Bankruptcy Rule 7054 (incorporating Federal Rule of Civil Procedure 54(b)) because Count III (Objections to Debtor's Claim of Exemptions) remains pending. The Court would consider making a determination that there is no just reason for delay if the Plaintiff were to file a Motion under Rule 54(b).